[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties intermarried on April 12, 1975 at Ansonia, Connecticut. They have resided in Connecticut continuously since that time. There is one minor child issue of the marriage: Alissa Rose Lee, born September 26, 1984.
The evidence presented at trial has established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground. CT Page 4211
The court has carefully considered the criteria set forth in §§ 46b-50, 46b-81, 46b-82, 46b-84 and 46b-62 Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties would have been married 25 years as of April 12, 2000. Of their three children, only one is a minor, aged 15 years. The plaintiff is 44 years of age. She has been diagnosed with multiple sclerosis. She is and has been gainfully employed doing medical transcriptions. She nets approximately $370 to $400 per week, depending on whether or not she works more than 30 hours per week. At the present time, her multiple sclerosis condition has stabilized. No medical reports were furnished to the court.
The defendant husband is presently 47 years of age. In 1992, the defendant was in a serious motor vehicle accident and was out of work for approximately nine months. He settled his personal injury case for a net of $185,000. This money was placed in the parties' joint mutual Fidelity account. In January/February 2000, the defendant fell on ice, which has aggravated his disc problem. The defendant has ruptured discs at CS and C7 and surgery has been recommended in the very near future. He presently nets approximately $570 per week.
The parties were involved in another motor vehicle accident in 1985, which netted approximately $89,000. This sum was also placed in the joint mutual Fidelity account. There is approximately $178,000 in this account at this time.
The parties own their marital home in Orange, which is presently on the market for sale. There is a buyer and contracts for $154,000. The outstanding mortgage is approximately $60,000 (in round numbers). The husband has been paying the mortgage on this property, although neither party is residing there. The equity in this house is approximately $94,000 less closing costs and expenses.
The parties also own a two-family home at 95-97 Westfield Avenue, Ansonia. Both floors are rented. The plaintiff has continued to collected the rents and pay the expenses on this property with a net of approximately $30 per week, which the plaintiff has retained and used for her expenses and the expenses of the minor child. There is a net equity in this property of CT Page 4212 approximately $30,000.
The husband has a pension of approximately $14,000. His company has been purchased by a foreign company and his department has been downsized. Between the defendant's anticipated surgery and his company's sale, the defendant's future continued employment does not look good.
Against this background, that is, the defendant's work and medical problems and the wife's medical condition of multiple sclerosis, the parties of this 25 year marriage are continuing to dissipate the very modest assets they have accumulated with little expectation to increase their assets in the future. Each party has already paid their respective attorney approximately $10,000 in attorney's fees. The defendant took $10,000 from the mutual fund for his attorney. The plaintiff took out $2500 from the fund and cashed in her annuity of $6500 for her attorney.
The Mutual Fund
The plaintiff withdrew $30,000 from the joint mutual fund account. As indicated, $2500 went toward attorney's fees, $1200 for a vacation, and approximately $4500 went into savings, which she has been using to cover her shortfalls. The rest of the money was used for utility expenses, dental expenses and for a new roof on the Ansonia property in the amount of $9,100. She also paid off a Visa account in the amount of $6,000 and two months' mortgage on the marital home. In effect, the plaintiff has had the use of $30,000 from this account to pay certain bills.
The defendant withdrew $10,000 for his attorney's fees. As previously indicated, approximately $185,000 of this account came from the defendant's personal injury claim.
Unfortunately, the parties were unable to resolve their marital problems, even with the assistance of counseling. The court declines to assess fault to either party for the breakdown of the marital relationship.
The court has considered the statutory criteria and enters the following orders.
Custody and Visitation
1. There shall be joint legal custody of the minor child, Alissa, CT Page 4213 with physical custody to the plaintiff.
2. The defendant shall enjoy reasonable, liberal and flexible visitation with the minor child.
Child Support
The defendant shall pay to the plaintiff as child support the sum of $115 per week in accordance with the child support guidelines. Said support shall be paid until the minor child reaches the age of 18, or completes high school or reaches the age of 19 years, whichever event shall first occur. Said order shall commence on the date of this decision.
Medical Coverage
 1. The defendant shall continue to maintain the medical coverage for the benefit of the minor child, as is available through his employment or at a reasonable expense to the defendant.
 2. Any unreimbursed or uninsured medical expenses shall be equally divided between the parties. Said order is within the spirit of the child support guidelines.
3. Section 46b-84(d) C.G.S. is entered as an order.
Real Estate
 825 Glenn Road, Orange, Connecticut
The marital home shall be sold without delay. The property is already on the market and a buyer has been secured subject to a resolution of the private road problem. The husband has been paying the mortgage on this property and it is ordered that he shall continue to pay the mortgage, taxes and insurance on said home until it is sold.
The defendant shall be entitled to credit for any amount he has paid down on the principal amount of said mortgage since the institution of this action.
After the payment of the mortgage, real estate commission, usual closing costs and adjustments, and attorney's fees, the net proceeds shall be equally divided between the parties. CT Page 4214
95-97 Westfield Avenue, Ansonia, Connecticut
 1. The defendant shall forthwith convey and transfer his interest in the property located at 95-97 Westfield Avenue, Ansonia, Connecticut to the plaintiff.
 2. The plaintiff shall be responsible for the mortgage, taxes and insurance on said property and shall hold the defendant harmless therefrom.
 3. The plaintiff shall be entitled to the rental income from said property and the security deposit.
Fidelity Mutual Account
The defendant shall receive the first $10,000 (ten thousand dollars) of this account. The balance of this account shall be divided 55% to the defendant and 45% to the plaintiff.
Other Property
 1. The defendant shall turn over to the plaintiff the remaining one-half balance of the security deposit in the amount of $325 within 30 days of date.
 2. The defendant shall pay one-half of the Town of Woodbridge ambulance bill of $268 within 30 days of date.
 3. The 1994 Buick motor vehicle shall be the sole property of the plaintiff and the defendant shall have no claim thereto. The defendant shall cooperate in executing any documents necessary for this transfer.
 4. The 1997 Toyota and the 1996 Nissan truck are awarded to the defendant and the defendant shall hold the plaintiff harmless from any loan balance due on the Toyota motor vehicle. The plaintiff shall cooperate in executing any documents necessary for this transfer.
5. Both parties are co-guarantors on a certain promissory note dated June 16, 1999, which has a fixed interest rate of 7.5%. Both parties have to step up to the CT Page 4215 plate and recognize their responsibility and obligation on this note. Both parties have agreed to pay the interest on this loan until the principal is paid in full. Each party is to pay their one-half share. The defendant shall pay to the plaintiff one-half of the interest she has paid to date, which is $977.43. The defendant shall pay his share within 30 days of date.
Alimony
 1. The defendant shall pay to the plaintiff as periodic alimony the sum of $60 per week until the death of the plaintiff, her remarriage or cohabitation as defined by statute, or the death of the defendant, whichever event shall first occur. This order is effective on the date of this decision.
2. No alimony is awarded to the defendant.
Pensions
 1. The defendant shall be entitled to his pension of $14,000 and the plaintiff shall have no claim thereto.
 2. The plaintiff shall be entitled to her Keogh and Yale-New Haven retirement savings and the defendant shall have no claim thereto.
Income Tax
 1. The parties have agreed to file a joint income tax return, federal and state, for the year 1999. Any refund or any deficiency shall be equally divided between the parties.
 2. The plaintiff shall be entitled to claim the minor child as a dependent for income tax purposes. This provision shall be modifiable.
Life Insurance
The defendant shall name the plaintiff as irrevocable beneficiary on the life insurance he presently has and is available through his employment, for so long as he has an CT Page 4216 obligation for alimony. This provision shall be modifiable.
Counsel Fees
No counsel fees are awarded to either party.
Coppeto, J.